IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOR XIONG,                                    No.  CIV.S-04-2231 DAD

      Plaintiff,

  v.                                          ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

      This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

## PROCEDURAL BACKGROUND

      Plaintiff Lor Xiong applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). (Transcript (Tr.) at 42-46.)  The Commissioner denied plaintiff's

1

application initially and on reconsideration. (Tr. at 29-32, 34-38.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on May 12, 2004, at which time plaintiff was represented by counsel. (Tr. at 208-20.) In a decision issued on May 21, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 7-19.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. The claimant's low back pain and moderate recurrent major depression without psychotic features are considered "severe" based on the requirements in the Regulations (20 CFR § 416.920(b)).
>
> 3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. The claimant has the following residual functional capacity: lift 20 pounds occasionally and 10 pounds frequently, walk/stand six hours, sit six hours, occasionally perform postural activities, and mentally perform simple routine tasks. She has no manipulative, visual, communicative, environmental, or other mental limitations.
>
> 6. The claimant has no past relevant work (20 CFR § 416.965).

2

|     |                                                                                                                                                                                                                                                              |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| 7.  | The claimant is a 'younger individual' (20 CFR § 416.963).                                                                                                                                                                                                    |
| 8.  | The claimant is 'illiterate' (20 CFR § 416.964).                                                                                                                                                                                                              |
| 9.  | The claimant has the residual functional capacity to perform substantially all of the full range of light work (20 CFR § 416.967).                                                                                                                            |
| 10. | Based on an exertional capacity for light work, and the claimant's age, education, and work experience, Medical-Vocational Rule 202.16, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."                                 |
| 11. | The claimant's capacity for light work is substantially intact and has not been compromised by any nonexertional limitations.  Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant is not disabled.                  |
| 12. | The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).                                                                                                        |

(Tr. at 18.)  The Appeals Council declined review of the ALJ's decision on August 26, 2004.  (Tr. at 4-5.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on October 20, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  <u>Schneider v. Comm'r of the Soc. Sec. Admin.</u>, 223 F.3d 968, 973 (9th Cir. 2000);

Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:
/////

>Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances only one argument in her motion for summary judgment. In this regard, plaintiff argues that the ALJ erred in his reliance on the Medical-Vocational Guidelines (the "grids") in determining whether plaintiff is capable of performing any other work that exists in the national economy.

At the fifth and final step of the sequential evaluation process, the Commissioner can satisfy the burden of showing that the

5

claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either: (1) applying the Medical-Vocational Guidelines (the "grids") in appropriate circumstances; or (2) taking the testimony of a vocational expert ("VE").  See Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988); Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)).

The grids are designed to show available work in the national economy for individuals with exertional (i.e., strength) limitations, as impacted by the factors of age, education, and work experience.  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d) & (e). They may be utilized as long as they "accurately and completely describe the claimant's abilities and limitations."  Burkhart, 856 F.2d at 1340 (citing Jones, 760 F.2d at 998).  See also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998); 20 C.F.R. Pt. 404, Subpart P, App. 2, § 200.00(b).  However, when a claimant's nonexertional limitations are sufficiently severe to significantly limit the range of work permitted by exertional limitations, the grids are inapplicable.  See Burkhart, 856 F.2d at 1340; Desrosiers, 846 F.2d at 577; see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983).

In arguing that the ALJ erred in relying on the grids, plaintiff asserts that the ALJ should have heard testimony from a vocational expert due to plaintiff's alleged "moderate limitations in maintaining attendance and completing a normal workday" as a result of her alleged mental impairment.  (Pl.'s Mot. for Summ. J. at 8.)

However, while a nonexamining state agency physician opined that plaintiff is moderately limited in this regard (Tr. at 163), Michael Joyce, M.D., the physician who performed a comprehensive psychiatric examination of plaintiff, found plaintiff capable of maintaining attendance, performing within a schedule and completing a workday and workweek without interruption (Tr. at 132-33).  Taken alone, the opinion of Dr. Joyce, who independently examined plaintiff, is substantial evidence supporting the ALJ's determination that plaintiff's alleged difficulty in maintaining attendance did not significantly limit her ability to perform light, unskilled jobs. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)(opinion of nontreating source may itself be substantial evidence where opinion is based on independent clinical findings that differ from those of the treating physician).  Indicating that plaintiff could sit for an 8-hour work period without interruption and stand or walk for up to 6 hours during a workday, the opinion of Sanford Selcon, M.D. also indicates that plaintiff is able to maintain attendance at work. (Tr. at 127.)  While Dr. Selcon is an internal medicine specialist and did not comment on plaintiff's mental condition, his opinion as to plaintiff's ability to complete a workday is relevant.  Finally, the court notes that at the administrative hearing, in response to the question "So what keeps you from working?", plaintiff testified: "I have neck pain, shoulder, my back, low back and travel down to my leg, and my bone, my hand, my joints, all over."  (Tr. at 214.) Plaintiff's omission of any mental complaints in this regard further
/////

undermines her present contention that her mental limitations render her incapable of attending work regularly.

For these reasons, the court finds that substantial evidence in the record supports the ALJ's determination that plaintiff's alleged difficulty in maintaining attendance did not significantly limit her ability to perform light, unskilled jobs. Testimony from a vocational expert was not necessary under the circumstances.

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1.  Plaintiff's motion for summary judgment is denied;

2.  Defendant's cross-motion for summary judgment is granted; and

3.  The decision of the Commissioner denying benefits is affirmed.

DATED: January 12, 2006.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\xiong2231.order

8